UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENDA TURNER,

        Plaintiff,                  Case No. 4:20-cv-12568
                                   District Judge Matthew F. Leitman
v.                                 Magistrate Judge Anthony P. Patti

EVERGREEN RECOVERY
SOLUTIONS, LLC, doing
business as CONSUMER
FINANCIAL SERVICES and
ROBERT C. CRIPPEN, II,

        Defendants.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR SANCTIONS (ECF No. 22) AND ENTER DEFAULT JUDGMENT AGAINST DEFENDANT ROBERT C. CRIPPEN, II

**I.**    **RECOMMENDATION**: Pursuant to Fed. R. Civ. P. 37(b)(2), and for the reasons set forth below, I recommend[1] that the Court **GRANT** Plaintiff's motion for sanctions (ECF No. 22), strike Defendant Robert C. Crippen, II's answer to Plaintiff's complaint, and enter a default judgment against Defendant Crippen, II.

**II.**    **REPORT**

      **A.**    **Background**

---

[1] Due to the nature of the relief recommended, the Undersigned offers his conclusions by way of report and recommendation.  28 U.S.C. § 636(b)(1)(B).

## 1.    Procedural background

Plaintiff Glenda Turner filed her complaint in this matter on September 20, 2020, against Defendants Evergreen Recovery Solutions, LLC ("Evergreen"), doing business as Consumer Financial Services, and Robert Crippen, II ("Crippen"), alleging violations of the Fair Debt Collection Practices Act, and of the Electronic Funds Transfers Act.  (ECF No. 1.)  Defendants were served with copies of the summons and complaint on September 24, 2020 (ECF Nos. 4, 5), but when neither answered nor otherwise responded, the Clerk of the Court entered defaults against both (ECF Nos. 7, 8).  Defendant Crippen, II (hereinafter Defendant), without the assistance of counsel, did subsequently file an answer to Plaintiff's complaint (ECF No. 9), but Defendant Evergreen did not, and Judge Leitman ultimately granted Plaintiff's motion for default judgment against it, entering judgment in the amount of $13,371.00.  (ECF No. 14.)

On February 8, 2022, Judge Leitman entered a scheduling order in the case, setting a discovery deadline of August 12, 2022.  (ECF No. 17.)  The day before the discovery deadline, Plaintiff filed a motion to compel Defendant's deposition and discovery responses, asserting that he failed to produce the documents requested or attend the deposition noticed by Plaintiff.  (ECF No. 18.)  Judge Leitman referred the motion to me (ECF No. 19), which I granted as unopposed on September 7, 2022, ordering Defendant to respond to discovery requests and make

2

himself available for deposition by September 30, 2022, and stating: "<u>Defendant is</u>
**<u>hereby warned</u>** <u>that failure to comply with this order may result in sanctions under</u>
<u>Fed. R. Civ. P. 37(b)(2), up to and including having the Court render default</u>
<u>judgment against him."</u>  (ECF No. 21.)

### 2.   Instant Motion

On October 7, 2022, Plaintiff filed the instant motion for sanctions, asserting
that Defendant failed to comply with the Court's September 7 order and requesting
that the Court strike Defendant's answer to the complaint.  (ECF No. 22.)  "A
respondent opposing a motion must file a response, including a brief and
supporting documents[.]"  E.D. Mich. LR 7.1(c)(1).  To date, Defendant has not
filed a response, and the time in which to file a response has expired.  E.D. Mich.
LR 7.1(e)(1), (2).

### B.   Standard

Rule 37(b)(2) provides that where a party "fails to obey an order to provide
or permit discovery . . . the court where the action is pending may issue further just
orders," including but not limited to "striking pleadings in whole or in part," or
"rendering a default judgment against the disobedient party[.]"  Fed. R. Civ. P.
37(b)(2)(A)(iii), (vi).  Further, "[i]nstead of or in addition to the orders above, the
court must order the disobedient party, the attorney advising that party, or both to
pay the reasonable expenses, including attorney's fees, caused by the failure,

unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Although Plaintiff requests that Defendant's answer be stricken (ECF No. 22, PageID.143), such a sanction here is akin to entry of a default judgment.

In addition, this Court has the inherent authority to sanction litigants who disobey judicial orders, which "derives from its equitable power to control the litigants before it and to guarantee the integrity of the court and its proceedings." *Dell, Inc. v. Elles*, No. 07-2082, 2008 WL 4613978, at *2 (6th Cir. June 10, 2008) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991)). In *Dell, Inc. v. Advicon Computer Services, Inc.*, No. 06-11224, 2007 WL 2021842, at *5-6 (E.D. Mich. July 12, 2007), Judge Lawson explained the reach of the Court's power to enter a default judgment in cases of a party's egregious and repeated disregard of court orders:

> Although Federal Rule of Civil Procedure 37(b)(2)(C) authorizes the Court to enter default judgment as a discovery sanction, there is no Rule or statute that authorizes entry of default judgment based on a party's failure to obey court orders in general. Nevertheless, it is well-established that a federal court has the inherent authority to grant such relief when the circumstances warrant as much. *See In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304-06 (11th Cir. 2006) (upholding entry of default judgment as a proper use of court's inherent authority where party failed to respond to court orders, failed to appear before the court, and failed to engage in court-ordered discovery); *Thomas, Head, & Griesen Employees Trust v. Buster*, 95 F.3d 1449, 1457-59 (9th Cir. 1996) (upholding entry of default judgment based on inherent authority where party completely ignored the terms of an injunctive order and other court orders);

4

*Shepherd v. American Broadcasting Cos., Inc.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995) ("As old as the judiciary itself, the inherent power enables courts to protect their institutional integrity and to guard against abuses of the judicial process with contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions as they find necessary, including even dismissals and default judgments."); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 47-50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (discussing the broad scope of a court's inherent authority).

A court must consider four factors when determining whether a plaintiff's complaint should be dismissed or default judgment rendered pursuant to Rule 37: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the party's adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could result in default judgment; and (4) whether less drastic sanctions were imposed or considered. *Grange Mut. Ins. Casualty Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008); *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). "The same analytical framework is appropriate in assessing whether entry of a default judgment is the appropriate sanction for disobedience of judicial orders." *Gordon v. Enhanced Acquisitions LLC*, No. 14-13839, 2017 WL 2389968, at *2 (E.D. Mich. May 11, 2017), *report and recommendation adopted*, 2017 WL 2377501 (E.D. Mich. June 1, 2017) (citing *Dell*, 2007 WL 2021842, at *6) ("The Court finds that [the Rule 37] factors apply equally to a default judgment entered under its inherent authority."). Nevertheless, the use of default judgment

against a defendant under Rule 37(b)(2)(A)(vi) is an extreme sanction.  *See Buck v. U.S. Dep't of Agriculture, Farmers Home Admin.*, 960 F.2d 603, 607-08 (6th Cir. 1992).

## C.    Discussion

For the reasons provided below, the Court should find that the four factors support striking Defendant's answer and awarding Plaintiff default judgment against Defendant.

### 1.    Willfulness or bad faith

"To show that a party's failure to comply was motivated by bad faith, willfulness, or fault, the conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'"  *Mager v. Wis. Central Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (citation omitted).  Applying the above, there is no question here that the record supports a finding of willfulness, bad faith, or fault.

Defendant initially failed to timely file an answer to Plaintiff's complaint, leading to the Clerk's entry of default against him.  (ECF No. 7.)  And although he subsequently filed an answer, he continued to defy the Court Rules and this Court's orders.  First, Plaintiff indicated in her January 24, 2022 discovery plan that she invited Defendant to participate in the process pursuant to Fed. R. Civ. P. 26(f), but received no response (ECF No. 16, PageID.98), and the Court has

6

received nothing from Defendant challenging Plaintiff's representation.  Second,

Defendant failed to respond to Plaintiff's August 11, 2022 motion to compel, in

which Plaintiff asserted that Defendant did not fully respond to discovery requests

(ECF No. 18), resulting in the Court granting that motion as unopposed and

imposing monetary sanctions (ECF No. 21), as described more fully above.

Finally, Defendant has failed to timely respond to Plaintiff's instant motion for

sanctions, which alleges Defendant's failure to comply with the Court's discovery

order at ECF No. 21.  (ECF No. 22.)

### 2.   Prejudice to the opposing party

"A party is prejudiced when it is 'unable to secure the information

requested' and 'required to waste time, money, and effort in pursuit of cooperation

which [the opposing party] was legally obligated to provide.'"  *Barron v. Univ. of

Mich.*, 613 F. App'x 480, 485 (6th Cir. 2015) (quoting *Harmon v. CSX Transp.,

Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)).  This case was filed over two years ago

(*see* ECF No. 1), but Defendant has failed to participate in forming a joint

discovery plan, to fully respond to Plaintiff's discovery requests or sit for his

noticed deposition, to pay the court report's bill for his missed deposition, as

ordered by the Court (ECF No. 21, PageID.141), or to respond to Plaintiff's

motions (ECF Nos. 18, 22).  Accordingly, Plaintiff has both been unable to secure

the information requested and wasted time, money, and effort in pursuit of

cooperation, which Defendant was legally obligated to provide.  *Barron*, 613 F. App'x at 485.

### 3.   Whether Defendant was warned

Although "[t]here is no magic-words prerequisite to dismissal [or default judgment] under Rule 37(b)," *Universal Health Grp. V. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013), the Court should find that Defendant was sufficiently warned of the possibility for default judgment.  In the order granting as unopposed Plaintiff's motion to compel, the Court explicitly stated:

> Defendant is **hereby warned** that failure to comply with this order may result in sanctions under Fed. R. Civ. P. 37(b)(2), up to and including having the Court render default judgment against him.

(ECF No. 21, PageID.142.)  This order was served upon Defendant at his current address of record, and the Court has not received notification that the order was returned as undeliverable.  Moreover, as stated above, the Clerk entered default against Defendant before he filed his answer to Plaintiff's complaint.  (ECF No. 7.)

### 4.   Whether the Court imposed or should consider less drastic sanctions

Finally, the Court should find that no lesser sanction is warranted here.  In the same order warning Defendant of the possibility for default judgment, I imposed less drastic sanctions, including: (1) waiving objections to Plaintiff's discovery requests; and (2) requiring Defendant to cover the court reporter's bill for his missed deposition.  (ECF No. 21, PageID.141.)  Yet, according to the

instant motion, Defendant has still failed to fully respond to discovery requests, to sit for his deposition, or to even respond to Plaintiff's motions or attempts at contact by Plaintiff's counsel.

Accordingly, all four factors support the imposition of sanctions, including striking Defendant's answer and entering a default judgment against him.

### D.    Conclusion

For the reasons provided above, I recommend that, pursuant to Fed. R. Civ. P. 37(b)(2) and the Court's inherent authority, the Court strike Defendants' answer (ECF No. 9) and enter a default judgment against Defendant Crippen in the amount of $13,371 (*see* ECF No. 14), subject to any adjustment by subsequent motion from Plaintiff for increased costs or attorney fees that have been accrued since the entry of the prior order granting default judgment against Evergreen. (*Id*.)

Very serious allegations of extreme and abusive interstate consumer harassment and violations of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, *et seq.*, were made against both defendants in this case, and their cavalier attitude toward these court proceedings, ignoring process, deadlines, discovery obligations, motions and orders, resulting in sanctions and default judgements, is rather astonishing.  The allegations include, *inter alia*, that Defendant Evergreen "has terrorized consumers across the country by pretending to be a process serving company or a law firm" (ECF No. 1, PageID.3, ¶ 20) and "pretended to be a

9

'sheriff' who would arrest Plaintiff if she did not pay on the account" (*Id.*, ¶ 28).

Plaintiff further alleges that, "Evergreen and Crippen debited the amount from

Plaintiff's bank account using the unregistered fictitious name 'CFS' and using a

device registered to 11215 Suunto Ln, which is Crippen's home address." (*Id.*, ¶

33.) They indicate a complete unity of identification between the corporate and the

individual defendant, such that one is the alter ego of the other. (*See, e.g.*, ¶¶ 5-17,

33.) In addition to the default judgment recommended herein, the Court should

strongly consider referral of this matter to the Federal Bureau of Investigation with

respect to any criminal implications that may arise from the scenario described in

these pleadings.

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d). Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health &*

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  November 4, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE